IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ROBERT F.,[1]                                3:18-cv-01439-BR

       Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.


**BRUCE W. BREWER**
Law Offices of Bruce W. Brewer P.C.
P.O. Box 421
West Linn, OR  97068
(503) 621-6633

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

─────────────────────────

     [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Robert F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further administrative proceedings.

<u>**ADMINISTRATIVE HISTORY**</u>

**I.    Prior Administrative Proceedings**

On March 10, 2010, Plaintiff protectively filed his

application for SSI benefits.  Tr. 144.[2]  Plaintiff alleged a

disability onset date of August 5, 2007.  Tr. 144, 242.

Plaintiff's application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on March 28, 2012.  Tr. 48-82.  Plaintiff and a

vocational expert (VE) testified at the hearing.  Plaintiff was

represented by an attorney at the hearing.

On April 9, 2012, the ALJ issued an opinion in which he

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 123-32.  Plaintiff requested review by the

Appeals Council.  The Appeals Council granted Plaintiff's request

and on June 7, 2013, remanded the matter to the ALJ for a new

hearing.  Tr. 137-40.

On January 8, 2014, a second hearing was held.  Tr. 26-47.

Plaintiff testified at the hearing and was again represented by

an attorney.

On February 3, 2014, the ALJ issued an opinion and again

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 9-20.  Plaintiff again requested review by the

---

[2] Citations to the official Transcript of Record (#10)
filed by the Commissioner on December 20, 2018, are referred to
as "Tr."

Appeals Council.  On June 10, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 13, 2015, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.  United States District Court, Case No. 3:15-cv-01532.

On December 2, 2016, this Court reversed the decision of the Commissioner and remanded the matter for further administrative proceedings.  Tr. 816-30.

On January 24, 2017, pursuant to this Court's Order, the Appeals Council remanded the case to the ALJ for further review.  Tr. 831-33.

## II.  Current Administrative Proceedings

Following remand by the Appeals Council, an ALJ held a hearing on June 28, 2017.  Tr. 738-62.  Plaintiff and a VE testified at the hearing.  Plaintiff was represented by a non-attorney representative at the hearing.

On October 5, 2017, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 713-24.  Plaintiff requested review by the Appeals Council.  On May 29, 2018, the Appeals Council denied

Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 703-05. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 1, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on July 15, 1955. Tr. 242. Plaintiff was 52 years old on his alleged disability onset date. Plaintiff has completed the 11th grade. Tr. 271. Plaintiff has past relevant work experience as a janitor, maintenance man, agricultural laborer, and freelance painter. Tr. 272, 280-81, 610.

Plaintiff alleges disability due to depression, anxiety, social phobia, neurological stroke, and Hepatitis C. Tr. 270.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 719-23.


## STANDARDS

The initial burden of proof rests on the claimant to

establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v.*

*Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).


## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 10, 2010, Plaintiff's alleged disability onset date. Tr. 715.

At Step Two the ALJ found Plaintiff has the severe impairments of "hepatitis C, alcohol abuse, a social anxiety disorder, a depressive disorder, and status post cerebral trauma."  Tr. 715.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 716.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  can perform only simple routine work with superficial contact with coworkers and with no teamwork or collaboration and cannot have any public contact.  Tr. 717.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work as a janitor.  Tr. 724.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 724.


**DISCUSSION**

Plaintiff contends the ALJ did not comply with this Court's Order of remand and failed to properly address the medical opinions of Daniel Scharf, Ph.D., and Karla Rae Causeya, Psy. D., examining psychologists.  Plaintiff also contends the ALJ

erred at Step Four when he found Plaintiff could perform his past relevant work as a janitor.

I.   **The ALJ failed to comply with the Court's Order of remand and erred regarding his analysis of the opinions of Drs. Scharf and Causeya.**

Plaintiff contends the ALJ did not comply with the Court's Order of remand with regard to the opinions of Drs. Scharf and Causeya regarding Plaintiff's limitations.

A.   **Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by

"setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d 715, 725 (9th Cir. 1998). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Id.* (citation omitted).

### B. Analysis

#### 1. Dr. Scharf

Dr. Scharf examined Plaintiff on June 3, 2010. Tr. 455-58. Dr Scharf specifically noted Plaintiff "is able to sustain concentration and attention although would have difficulties with persistence." Tr. 458.

On December 2, 2016, this Court found the ALJ erred in his February 3, 2014, opinion when he failed to include a limitation regarding persistence in his assessment of Plaintiff's RFC. Tr. 821-20. The Court also noted the ALJ's restriction to SVP 1-4 level jobs "does not, without more, incorporate . . . a limitation of difficulties with persistence." Tr. 820 (quotation and citation omitted). In addition, the Court noted the ALJ did not include a persistence limitation in his hypothetical to the VE. The Court found these errors were not harmless and remanded the case for further

proceedings.  Tr. 821-22.

On remand the ALJ referenced Dr. Scharf's opinion and noted Dr. Scharf's assessment of Plaintiff's "difficulty with persistence."  The ALJ, however, did not include any persistence limitation in his evaluation of Plaintiff's RFC.  The ALJ also failed to give specific and legitimate reasons for rejecting Dr. Scharf's opinion regarding this limitation and did not include such a limitation in his hypothetical posed to the VE. Tr. 717, 720, 756-59.

On this record the Court concludes the ALJ failed to comply with the Court's Order regarding Dr. Scharf's opinion, failed to include in Plaintiff's RFC any limitation regarding persistence, failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Scharf's opinion, and failed to include the persistence limitation in his hypothetical to the VE.  Accordingly, the Court remands this matter for further administrative proceedings regarding this issue.

### 2.  Dr. Causeya

Dr. Causeya examined Plaintiff on October 22, 2013. Tr. 609-17.  Dr. Causeya found, among other things, Plaintiff would have difficulty dealing with the public or accepting

criticism from a supervisor.  Tr. 616.

On December 2, 2016, this Court found the ALJ erred in his February 3, 2014, opinion when he included in his assessment of Plaintiff's RFC a limitation merely on public contact and teamwork but failed to include a limitation regarding interactions with supervisors.  Tr. 826.  The Court, however, noted limitations on contact with coworkers does not include a limit on supervisors and "does not address the separate dynamic created by the supervisory relationship."  Tr. 825.

On remand the ALJ again reviewed Dr. Causey's opinion but the ALJ gave it "little weight."  Tr. 722.  The ALJ again did not include in his assessment of Plaintiff's RFC any limitation on interaction with supervisors and noted such a restriction was "unwarranted based on [Plaintiff's] ability to have engaged successfully in multiple volunteer activities and therapy modalities."  Tr. 722.  The ALJ, however, did not explain his reasoning further.

The Commissioner contends Dr. Causeya did not provide any explanation of how she arrived at her "conclusory opinion," and, therefore, according to the Commissioner, the ALJ properly disregarded Dr. Causeya's opinion.  The Court, however, noted in its December 2, 2016, Opinion that Dr. Causeya's opinion was

based on her interview of Plaintiff and tests she conducted,
including a mental-status examination of Plaintiff.  Tr. 609-17.
In any event, on remand the ALJ failed to give specific and
legitimate reasons supported by substantial evidence in the
record to support his conclusion that a restriction on
Plaintiff's interactions with supervisors was unwarranted.

On this record the Court concludes the ALJ erred when
he rejected Dr. Causeya's opinion.  Accordingly, the Court
remands this matter for further administrative proceedings
regarding this issue.

## II.  The ALJ failed to include all of Plaintiff's limitations in his hypothetical to the VE.

Plaintiff contends the ALJ erred when he found Plaintiff
could perform his past relevant work as a "janitor."  Plaintiff
contends his occupation as a janitor does not exist in the
Dictionary of Occupational Titles (DOT).

### A.  Standards

As noted, at Step Four the claimant is not disabled if
the Commissioner determines the claimant retains the RFC to
perform work he has done in the past.  20 C.F.R.
§ 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.  The
burden falls on the claimant to establish he cannot perform his
past relevant work.  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th

Cir. 2001).

**B.    Analysis**

At the hearing the VE testified Plaintiff could
perform his past relevant work as a janitor, which the VE
classified as DOT 323.687-04.  Tr. 755.  Based on this
testimony, the ALJ found at Step Four that Plaintiff could
perform his past relevant work as a janitor and that this work
does not require the performance of work-related activities
precluded by Plaintiff's RFC.  Tr. 724.

As noted, Plaintiff contends the DOT classification
identified by the VE is for a "cleaner, housekeeper" and that
Plaintiff's past relevant work as a janitor does not exist in
the DOT.

The DOT provides generic occupational title
classifications that may be too broad to accurately describe a
claimant's past relevant work.  *Pinto v. Massanari*, 249 F.3d
840, 845 (9th Cir. 2001).  The ALJ must resolve any apparent
conflict between the DOT and VE testimony by "determining if the
explanation given by the VE . . . is reasonable and provides a
basis for relying on the VE . . . rather than the DOT
information."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th
Cir. 2008).  Accordingly, an ALJ may rely on VE testimony to

address an incongruity between a claimant's past relevant work as performed and the definitions described by the DOT.

Here the VE testified at the hearing that the DOT classification for "housekeeper" "was the closest to the description that we have" for Plaintiff's past relevant work of janitor as performed. Tr. 761.

Accordingly, the Court concludes the ALJ did not err because he properly relied on the VE's testimony to determine that Plaintiff could perform his past relevant work as janitor as it was actually performed regardless of the DOT classification.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Carmickle*, 533 F.3d at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at

1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required
>
> to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the ALJ erred when he failed to include in his assessment of Plaintiff's RFC and in his hypothetical to the VE the limitations noted by Drs. Scharf and Causeya. If such limitations were included in the ALJ's hypothetical to the VE, it could impact the VE's testimony regarding Plaintiff's ability to perform his past relevant.

Accordingly, on this record the Court remands this matter for further administrative proceedings to permit the ALJ to

include the limitations found by Drs. Scharf and Causeya in his assessment of Plaintiff's RFC and in his hypothetical to the VE in order to determine at Step Four whether Plaintiff could perform his past relevant work as it was actually performed.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

DATED this 6th day of August, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge